UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRYAN DRYDEN, | Case No. 3:25-cv-00059-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| HEATHER BACCA-COOK, *et al.*, | |
| Defendants. | |

## I.   SUMMARY

*Pro se* Plaintiff Bryan Dryden, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), filed this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's first amended complaint ("FAC"), found that he states colorable First Amendment retaliation claims against four Defendants, and stayed the case to allow the parties an opportunity to settle their dispute with the assistance of a court-appointed mediator. (ECF No. 9 ("Screening Order").) Mediation is yet to be set. Plaintiff has now submitted several filings, including: a motion for leave to file a supplemental complaint (ECF No. 11 at 1-3) with a proposed supplemental complaint (ECF No. 10; ECF No. 11 at 4-8); a request for production (ECF No. 13); two motions for injunctive relief (ECF Nos. 14, 15); a request for an "order of exculpation" (ECF No. 16); and a motion for the appointment of counsel (ECF No. 12).

As explained below, the Court denies these motions and requests, and this case will proceed to mediation based only on the colorable claims found in the Court's Screening Order. If Plaintiff would like to pursue any claims or requests for relief arising from the proposed supplemental complaint, he is free to do so by filing a separate complaint, which will initiate a new case and be given a new case number.

**II.      MOTION FOR SUPPLEMENTAL COMPLAINT (ECF NOS. 10, 11)**

When the Court screened the FAC, it found that Plaintiff states colorable retaliation claims against four Defendants based on alleged events that occurred at High Desert State Prison ("HDSP") in late 2022 through early 2023. (ECF No. 9 at 7–8.) Specifically, the Court found that Plaintiff plausibly alleged that law library supervisor Heather Bacca-Cook and correctional officers ("CO") Torrez, Ford, and Alvarez obstructed his access to the law library and threatened an inmate who was helping Plaintiff with his legal work because Plaintiff had filed lawsuits and grievances. (*Id.*)

In the proposed supplemental complaint, Plaintiff seeks to add 16 new Defendants and 10 new claims based on alleged events that occurred at Ely State Prison ("ESP") in mid-2025 through early 2026. (ECF No. 10 at 1-20; ECF No. 11 at 4-8.) The proposed Defendants include ESP COs, ESP wardens, ESP caseworkers, an ESP mental health provider, the NDOC director, and the Nevada governor. (ECF No. 10 at 2-5.) And the proposed claims include claims of retaliation, lack of basic necessities, property deprivation, conspiracy to commit murder, intimidation of a federal witness, negligence, and intentional infliction of emotional distress. (ECF No. 10 at 6–20; ECF No. 11 at 4-8.)

Pursuant to Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Supreme Court has held that Rule 15(d) "plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary. Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964). "While leave to permit supplemental pleading is favored, . . . it cannot be used to introduce a separate, distinct and new cause of action." *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citations and quotation marks omitted).

The Court denies Plaintiff's motion for leave to file a supplemental complaint. (ECF No. 11 at 1-3.) The claims in this proposed pleading are based on alleged events that occurred at ESP in mid-2025 through 2026, and they are not related to the claims in the FAC, which are based on alleged events that occurred at HDSP in late 2022 through early 2023. The Court therefore finds that the proposed supplemental complaint is an attempt to introduce a separate, distinct, and new cause of action.

If Plaintiff would like to pursue the claims in the proposed supplemental complaint, he may file a separate original complaint, which will initiate a new case and be given a new case number. Because the alleged events in the proposed supplemental complaint occurred in mid-2025 through 2026, this outcome does not present any barriers to Plaintiff under the applicable two-year statute of limitations. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014) (citations omitted) (explaining that the statute of limitations for § 1983 claims in Nevada is two years).

## III.   REQUEST FOR PRODUCTION (ECF NO. 13)

Plaintiff's request for production is related to the proposed supplemental complaint. (ECF No. 13.) Because the Court has denied Plaintiff's motion to file the supplemental complaint in this case, his request for production is denied as moot.

## IV.   REQUESTS FOR INJUNCTIVE RELIEF (ECF NOS. 14, 15, 16)

Plaintiff filed motions for a temporary restraining order (ECF No. 14) and a preliminary injunction (ECF No. 15) based on the allegations in the proposed supplemental complaint. The requested relief includes protection from immediate harm or death by COs and inmates at ESP, including placement in a single cell. (ECF No. 14 at 9; ECF No. 15 at 14.) Plaintiff also filed a request for an "order of exculpation" seeking immediate release from prison based on his argument that the state laws under which he was convicted are illegal and he is actually innocent. (ECF No. 16.)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the

merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act, preliminary injunctive relief must be "narrowly drawn," "extend no further than necessary to correct the harm," and be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies Plaintiff's motions for injunctive relief for two reasons. First, these motions are based on allegations in the proposed supplemental complaint, which occurred at ESP in mid-2025 through early 2026 and are unrelated to the allegations in the operative FAC. And the Ninth Circuit has held that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). So Plaintiff's motions for injunctive relief are not viable in this case. Second, Plaintiff's request for immediate release cannot be granted in this § 1983 case because "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citations and quotation marks omitted). Therefore, Plaintiff's motions for injunctive relief (ECF Nos. 14, 15) and request of an "order of exculpation" (ECF No. 16) are denied without prejudice.

## V.    MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 12)

Plaintiff requests the appointment of counsel of his choosing because the legal issues in this case are complex, he suffers from health issues, and prison officials wish him harm due to his lawsuits, interfere with his files, and restrict the amount of mail he sends out. (ECF No. 12 at 2-3.)

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The

4

statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel." However, the Court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

As an initial matter, the Court notes that plaintiffs who are appointed counsel are not permitted to choose their preferred attorney. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 310 (1989) (holding that federal courts do not have authority "to make coercive appointments of counsel"). Moreover, Plaintiff has demonstrated an ability to articulate his claims, and the Court does not otherwise find exceptional circumstances to warrant the appointment of counsel. The Court therefore denies Plaintiff's motion for appointment of counsel without prejudice.

## VI.    CONCLUSION

It is therefore ordered that Plaintiff's motion for leave to file a supplemental complaint (ECF No. 11 at 1-3) is denied.

It is further ordered that the operative complaint is still the FAC (ECF No. 8).

It is further ordered that Plaintiff may pursue the claims in the proposed supplemental complaint (ECF No. 10; ECF No. 11 at 4-8) by filing a separate original complaint. If Plaintiff chooses to do so, this will initiate a new case and be given a new case number.

It is further ordered that Plaintiff's request for production (ECF No. 13) is denied as moot.

5

It is further ordered that Plaintiff's motions for injunctive relief (ECF Nos. 14, 15), request for an "order of exculpation" (ECF No. 16), and motion for the appointment of counsel (ECF No. 12) are denied without prejudice.

It is further ordered that this case will proceed as provided in the Court's screening order (ECF No. 9).

DATED THIS 18th Day of February 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

6